FLETCHER, Judge.
The New Mount Moriah Missionary Baptist Church, Inc. [Church], a not for profit corporation, appeals an order denying a temporary injunction which, if granted, would prohibit the Reverend Charles L. Dinkins from performing pastoral services for the Church. We reverse and remand with instructions to the trial court to enter the temporary injunction. ■
The Board of Deacons (the Church’s Board of Directors) [Board] voted to terminate Reverend Dinkins’ employment as the Church’s pastor pursuant to Article III, Section 2(b), of the Church’s Articles of Incorporation, which, provides that the Board of Deacons has the sole responsibility for firing the pastor. This paragraph reads in relevant part:
‘With respect to the hiring of a ... Pastor ..., the sole responsibility for both hiring and firing said individuals shall rest with the Deacons, as more fully set out in the Bylaws of this not for profit corporation.”
The bylaws of the Church at paragraph 3 provide:
“... The Board of Deacons shall have the power to appoint and dismiss the Pastor.... Dismissal of a Pastor shall only be accomplished after prayerful consideration, in accordance with Matthew Chapter 18, 15th through 17th verse. However, it is specifically understood that there is no specific time period involved and the amount of prayerful consideration and the amount of time to correct any deficiencies and determination of such shall be solely up to the Board of Deacons.”
There is no provision in the Church’s articles of incorporation or its bylaws for participation by the Church’s membership in the dismissal procedure.[1]
After the Board terminated the employment of Reverend Dinkins, a number of Church members objected. The Board then decided that a meeting of the membership would be held, at which time the members would be given an opportunity to vote on the dismissal. At the meeting fifty-eight members present voted to retain Reverend Din- *974 kins while thirty-two voted for dismissal. (Absentee ballots, ten for retention, twelve for dismissal, were also counted, as if the members casting them were present, for a total of sixty-eight for retention, forty-four for dismissal). Notwithstanding the majority vote for retention, subsequent to that vote, the Board met and decided to dismiss Reverend Dinkins. Reverend Dinkins, however, continues to act as if he is still the pastor.
The Church contends that the Board’s action in voting to dismiss Reverend Dinkins was the only action required to terminate his employment, thus he is no longer the Church’s pastor. Reverend Dinkins, on the other hand, contends that the Board effectively amended the bylaws when it permitted the membership vote, therefore the vote was valid and the pastor retained.
We must reject Reverend Dinkins’ position. The Articles of Incorporation provide for two methods to amend the bylaws: (1) by a procedure initiated by any member, which ultimately requires the approval of two-thirds of the members of the Church (Article X, § 2); and (2) by the .Board (Article VIII, § 1(b)). These are consistent with section 617.0206, Florida Statutes (1995).[2] Any new bylaws, however, must be consistent with the articles of incorporation. § 617.0206, Fla. Stat. (1995). This takes us full circle back to Article III, § 2(b) of the Church’s articles of incorporation, which it will be recalled grants to the Board the “sole responsibility” for dismissing the pastor. Any bylaw to the contrary, including the one suggested here, would be invalid pursuant to section 617.0206, Florida Statutes (1995). If the Board and the members had intended to amend the bylaws to share the dismissal authority, their intentions' failed. This would not have precluded the Board from allowing a “straw vote” of the membership, so long as the Board did not delegate or abdicate its sole authority. Indeed it appears that this is what occurred here.
We conclude that the Board dismissed Reverend Dinkins. Under the circumstances before us, the trial court erred in denying the Church’s application for a temporary injunction. Accordingly, the order appealed is reversed and the cause remanded for further proceedings consistent herewith.

. The bylaws do contain provisions for membership participation in the hiring of a pastor, including a vote by the membership. To be hired a pastor must receive a majority vote of the membership as a whole and a vote of 75% of the members present when the vote is taken. We also note that the bylaws require the submission (by the Board of Deacons) of at least two names for consideration for hiring by the membership. This was not done at the time of the Reverend Dinkins’ employment. As a practical matter such language (as to the number .of names submitted) might be considered as directory only, rather than mandatory. We are concerned, here, however, only with the dismissal issue and reach no conclusions as to hiring matters.

. Which reads:
"The initial bylaws of a corporation shall be adopted by its board of directors. The power to alter, amend, or repeal the bylaws or adopt new bylaws shall be vested in the board of directors unless otherwise provided in the articles of incorporation or the bylaws. The bylaws may contain any provision for the regulation and management of the affairs of the corporation not inconsistent with law or the articles of incorporation.”